UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JEHAD ALNAJJAR,**

    *Petitioner*,

v.     Case No. 5:25-CV-0822-JKP

**THE GEO GROUP, INC., et al.,**

    *Respondents.*

## ORDER ADDRESSING MOTIONS AND APPOINTING COUNSEL

Before the Court is an Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 8) and a Motion for Appointment of Counsel (ECF No. 9) both filed pro se by the Petitioner in this case.

Because an attorney commenced this habeas case on Petitioner's behalf and remains the attorney of record per the docket sheet, the Court first addresses the issue of hybrid representation, i.e., Petitioner having counsel but filing matters pro se. In this case, that matter is easily resolved because, as Petitioner indicates, his attorney was disbarred in September and Petitioner specifically asks for new counsel to be appointed. The Court appropriately construes the request for new counsel as a request to remove prior counsel. **Accordingly, the Court directs the Clerk of Court to terminate Sharon M. Hernandez-Lopez as attorney for Petitioner in this case and to transmit a copy of this order through CM-ECF to her. Using the information provided for the attorney appointed below, the Clerk of Court shall add the newly appointed attorney as an attorney of record on the docket of this case and likewise transmit a copy of this order to him.**

As for the application to proceed without prepaying fees, the Court **DENIES** the application as unnecessary because Petitioner has already paid the $5 filing fee for this habeas action.

Nevertheless, the Court will consider the application as it relates to appointment of counsel. The application shows that Petitioner is financially eligible for appointment of counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A.

Section 3006A provides that whenever "the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241 . . . of title 28." Under the circumstances of this case, the Court finds that the interests of justice support appointment of counsel in this case. An attorney commenced the litigation on Petitioner's behalf but was subsequently disbarred. The Court has received a government response to the habeas petition, but counsel did not file a reply. A reply brief would assist in a just adjudication of this case. After considering all relevant matters, the Court concludes that appointment of counsel is warranted in this case and thus **GRANTS** the motion for appointment. It hereby appoints the following attorney to represent Petitioner in all matters related to this case.

>Danial M. Gividen
>Gividen Law
>18208 Preston Rd. D9-284
>Dallas, TX 75252
>801-458-7965
>Email: dan@gividenlaw.com

Because the time for filing a reply brief passed before this appointment, the Court hereby **EXTENDS** the time for Petitioner to file a reply brief **to December 23, 2025, at 4:00 p.m.** If counsel needs more time to file a reply, Petitioner may move for an appropriate extension.

In summary, the Court **DENIES** the Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 8) but considers the financial information provided for purposes of appointment of counsel, and **GRANTS** the Motion for Appointment of Counsel (ECF No. 9) as stated herein. **It provides specific instructions to the Clerk of Court as set out on page one. Because Petitioner filed these motions pro se, the Court also DIRECTS the Clerk of Court**

to mail a copy of this order to Petitioner at the address on the envelope attached to both the motion and the application. *See* ECF Nos. 8 and 9.

IT IS SO ORDERED this 8th day of December 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE